UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUPITER ALUMINUM CORPORATION, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-30-RLM-PRC |
| | ) |
| PHILIP J. SABAITIS, LOREN D. JAHN, | ) |
| SCRAP METAL SERVICES, LLC, | ) |
| MICHAEL L. THOMPSON, GMI | ) |
| SERVICES LLC d/b/a GMI RECYCLING | ) |
| SERVICES, INC., and GARY S. | ) |
| LONGORIA, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Scrap Metal LLC's Motion for Extension of Time to Address State Law Claims [DE 37], filed by Defendant Scrap Metal LLC ("Scrap Metal") on February 26, 2016. Plaintiff Jupiter Aluminum Corporation filed a response on March 14, 2016. In the motion, Scrap Metal requests an extension of time to move, answer, or otherwise respond to the state law claims in the Complaint. Scrap Metal has previously filed a partial motion to dismiss the complaint under Rule 12.

Regarding an extension of time to file an answer to the state law claims, no motion is needed. When a party files a partial motion to dismiss, the deadline for filing a responsive pleading regarding the unchallenged claims is automatically extended to fourteen days after the motion to dismiss is resolved. *See* Fed R. Civ. P. 12(a)(4)(A); *Shah v. KIK Int'l LLC*, No. 3:06-CV-712, 2007 WL 1876449, at *1 (N.D. Ind. June 26, 2007) (finding, pursuant to the previous version of Rule 12(a)(4)(A), a ten-day period after a ruling on a partial motion to dismiss in which to respond to all counterclaims); *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997)

("Plaintiffs have until ten (10) days after this Court resolves the partial motion to dismiss to file a responsive pleading regarding any of KIK's remaining counterclaims.").

Regarding Rule 12 defenses to the state law claims, the defenses under Rule 12(b)(2)-(5) are waived in future motions because there is a previously filed Rule 12 motion. *See* Fed. R. Civ. P. 12(h)(1)(A). The defense of lack of subject matter jurisdiction may be raised at any time, so no extension is needed. *See* Fed. R. Civ. P. 12(h)(3). After an initial motion to dismiss under Rule 12, the defenses under 12(b)(6) or (7), though not waived, may only be raised in a pleading, in a motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). The timing for these three ways to raise the defenses will fall either at or after the requested deadline given by Scrap metal, so no motion is necessary.

Though the *defenses* listed in Rule 12(b)(6)-(7) are not waived, Scrap Metal requests an extension of time to make a *motion* under Rule 12. Rule 12(g)(2) places limits on motions brought under Rule 12 in the interest of avoiding piecemeal litigation. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Consequently, Scrap Metal's motion impliedly requests not only an extension of deadlines but also the Court's permission to contravene the Rule 12(g)(2) limitation on successive Rule 12 motions. Scrap Metal has not identified, and the Court has not found, any authority permitting the Court to allow Scrap Metal to avoid the 12(g)(2) limitation on motions.

Based on the foregoing, the Court hereby **DENIES as moot in part** and **DENIES in part** Scrap Metal LLC's Motion for Extension of Time to Address State Law Claims [DE 37]. The motion is denied as moot to the extent it requests an extension of time to file an answer to the state law claims, to file a motion to dismiss based on lack of subject matter jurisdiction, or to raise a

defense in accordance with Rule 12(h)(2). The motion is denied to the extent it requests an extension of time to file or permission to file a motion to dismiss under 12(b)(2)-(7).

SO ORDERED this 15th day of March, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT